In the Matter of Anthony FORCELLA,
Debtor.

CLEARWATER OAKS BANK, Plaintiff,

v.

Anthony FORCELLA, Defendant.

Bankruptcy No. 81–1396.
Adv. No. 81–427.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1983.

Harold S. Wilson, Clearwater, Fla., for plaintiff.

Anthony Forcella, defendant, pro se.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Code 11 case and the matter is a proceeding arising under Title 11, U.S.C. The jurisdiction of this Court is based on Emergency Local Rule (c)(1) and (d)(2). This adversary proceeding came on for final evidentiary hearing to determine the dischargeability, vel non, of the debt owed to Clearwater Oaks Bank (the Bank) by Anthony Forcella, the Debtor in the above-styled Chapter 7 case.

The record as established at the final evidentiary hearing reveals the following:

On or about February 26, 1981, the Debtor applied for a $6,500 loan at Clearwater Oaks Bank. In his financial statement, the Debtor indicated that he owned real estate with an assessed value of $55,000 with a mortgage lien of $18,000. He also indicated that he owned tools and equipment valued at $7,500. The Bank approved the loan application and listed the real estate and equipment as collateral. It was later discovered that the Debtor's son, John Forcella, held title to the real property and was also the owner of the tools and equipment.

In addition to the usual loan application procedure which involves providing the lender with a financial statement, certain other financial transactions between the Debtor and loan officer also took place in this case which contributed to the Bank's favorable disposition toward the Debtor's loan application.

Anthony Forcella listed his debt to Clearwater Oaks Bank when he filed his petition for relief under Chapter 7 of the Bankruptcy Code. The Plaintiff seeks to except this debt from the Defendant's general discharge pursuant to 11 U.S.C. § 523(a)(2)(B) which provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for obtaining money ... by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money ... reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

In order to except a debt from general discharge under section 523(a)(2)(B) all elements must be present.

▮ The primary purpose of bankruptcy law is to relieve the debtor from the burden of indebtedness. *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). The courts, therefore, narrowly construe exception to discharge against the creditor and in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). Accordingly, the creditor bears the burden of proving that the debt owed to him falls within the statutory exception. *Murphy & Robinson Investment Corp. v. Cross (In re Cross),* 666 F.2d 873, 5 C.B.C. 1549, 1556 (5th Cir.1982); *Danns v. Household Finance Corp. (In re Danns),* 558 F.2d 114, 116 (2d Cir.1977).

It is without dispute that Anthony Forcella obtained money use of a written statement that is materially false respecting his financial condition. The elements of § 523(a)(2)(B)(i) and (ii) are clearly satisfied. However, the Court heard conflicting testimony as to the Debtor's perception of his financial situation at the time he applied for the loan and gave information which later proved false. The Plaintiff Bank did not meet its burden of proving the requisite "intent to deceive" under § 523(a)(2)(B)(iv).

▮ The Court also heard testimony indicating that the Debtor's loan application was approved based on financial transactions with the loan officer which were unrelated to his personal financial statement.

This Court is, therefore, of the opinion that the Bank did not rely on the Debtor's false financial statement. Because reliance and intent to deceive are clearly required by § 523(a)(2)(B), Plaintiff has failed to demonstrate that the debt owed to it falls within the statutory exception to discharge.

A separate final judgment will be entered in accordance with the foregoing.